JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 10 1985

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 636

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE COMMONWEALTH EDISON COAL COMPANY CONTRACT LITIGATION

ORDER DENYING TRANSFER*

This litigation presently consists of five actions pending in three districts as follows: two actions each in the District of Montana and the District of Wyoming, and one action in the Northern District of Illinois.[1/] Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by Commonwealth Edison Company (a party to all five actions) to centralize the actions in the Northern District of Illinois for coordinated or consolidated pretrial proceedings. Three coal companies, one or another of which is the remaining party to each action, oppose transfer. If the Panel nevertheless concludes that centralization is appropriate in this docket, then the opposing parties favor selection of the District of Wyoming as transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that Section 1407 transfer would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation. Movant urges that i) the actions concern disputes over the proper interpretation of identical force majeure clauses in long-term coal purchase contracts that movant has entered into with each of the three coal companies; and ii) transfer is necessary in order to avoid duplication of complex discovery and prevent inconsistent pretrial rulings. We do not find this reasoning persuasive. We note, first, that each pair of Montana and Wyoming actions has been consolidated by the court to which each pair is assigned. Thus, in essence, there are but three actions subject to the pending motion. Secondly, we note that the force majeure events involved in each action vary and no single force majeure event is involved in actions pending in all three districts. Under these circumstances, movant has failed to persuade us that any common questions of fact involved in these actions are sufficiently complex, and that accompanying discovery would be so time-consuming, as to

---

\* Judge Sam C. Pointer, Jr., took no part in the decision of this matter.

[1/] The Section 1407 motion before the Panel included a request to transfer claims in two additional District of Wyoming actions: <u>Black Butte Coal Co. v. Commonwealth Edison Co.</u>, C.A. No. C84-0004, and <u>Big Horn Coal Co. v. Commonwealth Edison Co.</u>, C.A. No. C84-0005. Trial commenced in these actions on March 18, 1985. Accordingly, the motion for centralization for pretrial purposes, insofar as it pertains to these two actions, is moot.

justify Section 1407 transfer. See <u>In re Scotch Whiskey Antitrust Litigation</u>, 299 F.Supp. 543, 544 (J.P.M.L. 1969). We point out that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or conflicting pretrial rulings. <u>See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation</u>, 446 F.Supp. 242, 244 (J.P.M.L. 1978). <u>See also Manual for Complex Litigation</u>, Parts I and II, §§3.11 (rev. ed.-1981).

IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. §1407 be, and the same hereby is, DENIED.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

Schedule A

MDL-636 -- In re Commonwealth Edison Coal Company Contract Litigation

### District of Montana

Decker Coal Co. v. Commonwealth Edison Co., C.A. No. CV-84-279-BLG

Decker Coal Co. v. Commonwealth Edison Co., C.A. No. CV-84-3-BLG

### District of Wyoming

Black Butte Coal Co. v. Commonwealth Edison Co., C.A. No. C84-0462

Big Horn Coal Co. v. Commonwealth Edison Co., C.A. No. C84-0463

### Northern District of Illinois

Commonwealth Edison Co. v. Black Butte Coal Co., C.A. No. 85 C 0974